**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 12 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VIRGINIA MATUS GRANADO, | No.   15-17489 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-02538-DMF |
| v. | |
| NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Deborah M. Fine, Magistrate Judge, Presiding

Submitted June 5, 2017
Pasadena, California

Before: THOMAS, Chief Judge, REINHARDT, Circuit Judge, and KORMAN,**
District Judge.

Virginia Granado appeals from a judgment of the district court affirming a

denial of disability benefits.  Granado and the Social Security Commissioner agree

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The Honorable Edward R. Korman, United States District Judge for
the Eastern District of New York, sitting by designation.

that the Administrative Law Judge ("ALJ") erred by ignoring significant aspects of the report of the only examining physician, Dr. Elizabeth Ottney. Specifically, Dr. Ottney opined that Granado could (a) stand and/or walk 4 hours in an 8-hour day, and (b) occasionally reach with her arms and handle objects. While the ALJ assigned "great weight" to Dr. Ottney's report, he failed to address these limitations in finding that Granado was capable of performing three of her past jobs—all of which involved light work. If the ALJ had found that Granado was not capable of performing light work, then a disability finding would be required unless the ALJ could provide "evidence that demonstrates that other work exists in significant numbers in the national economy that [Granado] can do." 20 C.F.R. § 404.1560(c)(2). But as the Commissioner observes, "the vocational expert testified that if [Granado] were limited to sedentary work and was also restricted to only occasionally handling or reaching in any direction, there would be no work that [Granado] could perform." Red Br. 10.

Notwithstanding the ALJ's error, the Commissioner argues that additional administrative proceedings are necessary on remand. Granado responds that Dr. Ottney's opinion should be credited as true and a disability finding be made immediately. This debate invokes the "three-part credit-as-true standard, each part of which must be satisfied in order for a court to remand to an ALJ with

2

instructions to calculate and award benefits." *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Only one part is in dispute here, namely, that "the record has been fully developed and further administrative proceedings would serve no useful purpose," *id.*, such as the resolution of "conflicts and ambiguities," *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (citation omitted).

The Commissioner primarily asserts three conflicts or ambiguities. First, she argues that Dr. Ottney's opinion is inconsistent with her normal examination findings. This argument fails because Dr. Ottney did not rely solely on her personal examination of Granado in finding work-related limitations. Instead, Dr. Ottney appears to have based these findings on nerve testing conducted in July 2010. Indeed, on the page preceding the section describing Granado's work-related limitations, Dr. Ottney stated that "results and impression are based on the history provided by the claimant, the medical records provided, test results and physical findings."

The Commissioner also argues that because "the only evidence of nerve testing in the record was done on Granado's arms, rather than her legs . . . it is entirely unclear on what Dr. Ottney based her opinion." The premise of this argument is incorrect. A brief review of the relevant evidence shows that nerve

3

testing was performed not just on Granado's wrists and elbows, but also her ankles, calves, and knees.

Lastly, the Commissioner argues that because Dr. Ottney's opinion differs from the opinions of Dr. John Fahlberg and Dr. Robert Hirsch—the state agency non-examining physicians—"the opinions necessarily need to be re-weighed." This argument lacks merit. Although a non-examining physician's opinion cannot by itself justify rejection of an examining physician's opinion—here, Dr. Ottney's—it may suffice when combined with other evidence. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 602–03 (9th Cir. 1999). Thus, the Commissioner also points to treatment notes indicating that Granado exhibited, *inter alia*, normal muscle strength and mobility, and normal coordination, gait, and reflexes. But insofar as these findings were the product of brief personal examinations of Granado by two treating physicians, they are not inconsistent with Dr. Ottney's findings, which pertain to Granado's ability to sustain certain physical activities over the course of an 8-hour day. Moreover, Dr. Hirsch—the non-examining physician who reviewed Granado's application seven months after Dr. Fahlberg did—actually opined that Granado was capable of standing and/or walking only 2 hours in an 8-hour day, which is *more* restrictive than Dr. Ottney's opinion.

4

Even if the credit-as-true standard is met, we must still remand for additional proceedings when "an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021. The Commissioner argues that there is such a serious doubt. But in doing so, "[t]he Commissioner simply repeats all of the arguments she has already made." *Id.* at 1022. And viewing the record as a whole, we have no serious doubt that Granado is disabled. We therefore "reverse the judgment of the district court with instructions to remand to the ALJ for the calculation and award of benefits." *Id.* at 1023.

**REVERSED AND REMANDED.**